# EXHIBIT A

TO PLAINTIFF'S ATTORNEY: PLEASE CIRCLE TYPE OF ACTION INVOLVED: —
TORT — MOTOR VEHICLE TORT — CONTRACT —
EQUITABLE RELIEF — OTHER

TRUE ATTESTED COPY

CONSTABLE

# COMMONWEALTH OF MASSACHUSETTS

SUPERIOR COURT
DEPARTMENT
OF THE
TRIAL COURT
CIVIL ACTION

.......... MIDDLESEX .......... , ss

No. 08-02460



_Mark O'Brien_ , Plaintiff(s)

v.

_Richard Robbins_ , Defendant(s)

## SUMMONS

To the above-named Defendant: _Richard Robbins_
_42 Dudley St._
_Reading, MA 01867_

You are hereby summoned and required to serve upon _Mitchell Notis_

.......... plaintiff's attorney, whose address is _Law Offices of Mitchell Notis,_
_370 Washington St, Brookline, MA 02445_ an answer to the complaint which is herewith

served upon you, within 20 days after service of this summons upon you, exclusive of the day of service. If you

fail to do so, judgment by default will be taken against you for the relief demanded in the complaint. You are also

required to file your answer to the complaint in the office of the Clerk of this court at .. _Burlington_ ..........

.......... either before service upon plaintiff's attorney or within a

reasonable time thereafter.

Unless otherwise provided by Rule 13(a), your answer must state as a counterclaim any claim which you may

have against the plaintiff which arises out of the transaction or occurrence that is the subject matter of the plaintiff's

claim or you will thereafter be barred from making such claim in any other action.

Witness, Barbara J. Rouse, Esquire, at .......... _Burlington_ ..........

the .......... _1st_ .......... day of .......... _August_ ..........

.........., in the year of our Lord .......... _2008_ .......... ,

.......... Clerk

NOTES.
1. This summons is issued pursuant to Rule 4 of the Massachusetts Rules of Civil Procedure.
2. When more than one defendant is involved, the names of all such defendants should appear in the caption. If a separate summons is used
for each defendant, each should be addressed to the particular defendant.

FORM NO. SUP. — 001

NOTICE TO DEFENDANT — You need not appear personally in court to answer the complaint, but if you claim to have a defense, either you or your attorney must serve a copy of your written answer within 20 days as specified herein and also file the original in the Clerk's Office.

## PROOF OF SERVICE OF PROCESS

I hereby certify and return that on ........ *September 16* ..................................
20.*08*..., I served a copy of the within summons, together with a copy of the complaint in this action,
upon the within-named defendant, in the following manner (See Mass. R. Civ. P. 4 (d) (1-5)):

*Served Last And Usuall Place*
*of Abode At 42 Dudley Street, Reading*
*Ma*

Dated: ........ *September 16* ............... 20 *08*

**N.B. TO PROCESS SERVER:**
PLEASE PLACE DATE YOU MAKE SERVICE ON DEFENDANT IN THIS BOX
ON THE ORIGINAL AND ON COPY SERVED ON DEFENDANT.

( *Roy Meh* )
( *September 16* , 20 *08* )
( *Constable* )

COMMONWEALTH OF MASSACHUSETTS

SUPERIOR COURT
DEPARTMENT
OF THE
TRIAL COURT
CIVIL ACTION
No.

................Plff.

v.

................Deft.

MIDDLESEX ......ss.

SUMMONS
(Mass. R. Civ. P. 4)

 **Trial Court Information Center**
Commonwealth of Massachusetts

TRUE ATTESTED COPY
CONSTABLE

Home » County Inquiry » Civil Party Search » Search Results » Docket Details

# O'Brien v Robbins

**Details for Docket: MICV2008-02460**

**Case Information**

| | | | |
|---|---|---|---|
| Docket Number: | MICV2008-02460 | Caption: | O'Brien v Robbins |
| Filing Date: | 06/27/2008 | Case Status: | Needs review for service |
| Status Date: | 06/27/2008 | Session: | Civil C CtRm 610 (Woburn) |
| Lead Case: | NA | Case Type: | Complex |

**Tracking Deadlines**

| | | | |
|---|---|---|---|
| TRK: | F | Discovery: | 04/23/2009 |
| Service Date: | 09/25/2008 | Disposition: | 04/18/2010 |
| Rule 15: | 11/24/2008 | Rule 12/19/20: | 11/24/2008 |
| Final PTC: | 10/20/2009 | Rule 56: | 06/22/2009 |
| Answer Date: | 10/25/2008 | Jury Trial: | YES |

**Case Information**

| | | | |
|---|---|---|---|
| Docket Number: | MICV2008-02460 | Caption: | O'Brien v Robbins |
| Filing Date: | 06/27/2008 | Case Status: | Needs review for service |
| Status Date: | 06/27/2008 | Session: | Civil C CtRm 610 (Woburn) |
| Lead Case: | NA | Case Type: | Misc tort |

**Tracking Deadlines**

| | | | |
|---|---|---|---|
| TRK: | F | Discovery: | 04/23/2009 |
| Service Date: | 09/25/2008 | Disposition: | 04/18/2010 |
| Rule 15: | 11/24/2008 | Rule 12/19/20: | 11/24/2008 |
| Final PTC: | 10/20/2009 | Rule 56: | 06/22/2009 |
| Answer Date: | 10/25/2008 | Jury Trial: | YES |

**Docket Details:**  **Parties**  **Attorneys**  **Docket Entries**  **Calendar Events**
**Print Docket**

Massachusetts Administrative Office of the Trial Court
© Copyright, 2000-2001
» Logout

Terms of Use
System data reflects current activity.

TRUE ATTESTED COPY

CONSTABLE

COMMONWEALTH OF MASSACHUSETTS
MIDDLESEX SUPERIOR COURT

06-2461

Middlesex, SS.                              Civil Action No.

FILED
IN THE OFFICE OF THE
CLERK OF COURTS
FOR THE COUNTY OF MIDDLESEX

JUN 27 2008

CLERK

Mark O'Brien
*Plaintiff*

v.

Richard Robbins
*Defendant*

Pursuant to MRCP 4(c), Plaintiff moves this court to appoint David Mitten of 16 Thomas Road, Berkley, Massachusetts, a Constable in and for the City of Taunton, Massachusetts, as process server for all purposes of this case, including without limitation, serving the summons and complaint. To the best of counsel's knowledge and belief, the person to be appointed process server is eighteen years of age or over, and is neither a party to nor interested in, this action.

Plaintiff
By his attorney,

MITCHELL J. NOTIS

MITCHELL J. NOTIS
Law Office of Mitchell J. Notis
370 Washington Street
Brookline, Massachusetts 02445
617-566-2700
BBO# 374360

TRUE ATTESTED COPY

CONSTABLE

COMMONWEALTH OF MASSACHUSETTS
MIDDLESEX SUPERIOR COURT

Middlesex. SS.

Civil Action No. 08-02460

Mark O'Brien
*Plaintiff*

v.

Richard Robbins
*Defendant*

FILED
IN THE OFFICE OF THE
CLERK OF COURTS
FOR THE COUNTY OF MIDDLESEX
JUN 27 2008

CLERK

# COMPLAINT AND DEMAND FOR JURY TRIAL

## INTRODUCTION

1.      This is an action under 42 U.S.C. §1983 for interference with Freedom of Speech
in violation of the First Amendment to the U.S. Constitution. The action is brought by
Mark O'Brien ("O'Brien") a Police Sergeant employed by the Town of Reading Police
Department. After Sergeant O'Brien complained to the Chief of Police of the Town of
Reading about inappropriate actions (which were matters of public concern) engaged in
by one of his supervisors, Defendant Police Lieutenant Richard Robbins, Sergeant
O'Brien was ostracized and marginalized in the Police Department, received unfavorable
performance reviews, has been made to fear for the loss of his job, and has been made to
undergo much emotional distress, all for having asserted his right to Freedom of Speech,
and all constituting interference with Plaintiff's right to Freedom of Speech.

## JURISDICTION AND VENUE

2.      Jurisdiction over this matter lies in this Court as this is an action pursuant to
42 U.S.C. section 1983.

1


TRUE ATTESTED COPY

CONSTABLE

3.     Venue in this Court is proper because the illegal actions complained of herein occurred in Reading. Middlesex County. Massachusetts.

## PARTIES

4.     Mark O'Brien is a resident of Bradford, Essex County, Massachusetts. He is a citizen of the United States.

5.     Defendant Richard Robbins is a resident of Reading, Middlesex County, Massachusetts. He is sued in his individual capacity.

## FACTUAL BACKGROUND

6.     Plaintiff O'Brien has worked as a police officer for the Town of Reading for over 25 years. For the past 18 years, Plaintiff O'Brien has worked as Police Sergeant for the Town of Reading.

7.     Starting prior to April 2006, Sergeant O'Brien became aware that one of his supervisors, Defendant Lieutenant Robbins, was involved in an inappropriate romantic relationship with a female employee of the Town of Reading. The female employee was not an employee of the Reading Police Department.   Sergeant O'Brien was uncomfortable with this relationship as, among other reasons, the female employee would frequently visit Lieutenant Robbins in the Police Headquarters, she would spend substantial amounts of time at Police Department Headquarters although not on Town or Police Department business, she had received special treatment from the Reading Police Department, and she would frequently make phone calls to Lieutenant Robbins (which would have to be answered by Sergeant O'Brien and other officers who would have to be careful not to confuse this particular female with another female with whom Lieutenant Robbins was involved). Sergeant O'Brien was very concerned about not confusing one of these two females with the other when they called into Police Headquarters by telephone for Lieutenant Robbins, which they both did frequently.

2

TRUE ATTESTED COPY

CONSTABLE

8. On April 26, 2006, Sergeant O'Brien complained to the Chief of the Reading Police Department about Lieutenant Robbins' romantic relationship with the female Town employee. Sergeant O'Brien informed the Chief of Police that:

a. Lieutenant Robbins was involved in an inappropriate romantic relationship with a female Town employee.

b. That the female Town employee had filed false and baseless complaints against him (Sergeant O'Brien) regarding the manner in which he performed his work.

c. That he (Sergeant O'Brien) believed that the complaint the female Town employee had made about him was instigated by and/or filed on behalf of, Lieutenant Robbins.

d. That the complaint had been filed against Sergeant O'Brien by the female Town employee, due to Sergeant O'Brien's expressed disapproval of the romantic relationship between Lieutenant Robbins and the female Town employee, and so that Lieutenant Robbins and the female Town employee could have more time together while both were working (as the complaint related to a police detail filled by Sergeant O'Brien which was on occasion in the proximity of the female Town employee, which could have otherwise been filled by Lieutenant Robbins).

e. That the relationship between Lieutenant Robbins and the female Town employee interfered with work and business at the Reading Police Headquarters, as the female Town employee would frequently visit Lieutenant Robbins at the Reading Police Headquarter for lengthy periods of time.

f. That the relationship between Lieutenant Robbins and the female Town employee interfered with work and business of Sergeant O'Brien at the Reading Police Headquarters, and interfered with the ability of Sergeant O'Brien to perform his job.

g. That Lieutenant Robbins had remained embarrassed by actions Sergeant O'Brien had taken years previously in relation to other police business in which Sergeant O'Brien and Lieutenant Robbins had been involved, and that as a result, over the years Lieutenant Robins had treated Sergeant O'Brien unfairly.

3

TRUE ATTESTED COPY

CONSTABLE

9.     The various matters set forth in paragraph 8 above of which Sergeant O'Brien informed the Town of Reading Chief of Police on April 24, 2006, were matters of public concern. In discussing these matters with the Town of Reading Chief of Police, Sergeant O'Brien was exercising his right to Freedom of Speech pursuant to the First Amendment to the United States Constitution.

10.     After being informed by Sergeant O'Brien of the matters set forth in paragraph 8 above, the Chief of the Reading Police Department retained a private law firm to serve as Town Counsel and to investigate the allegations made by Sergeant O'Brien. In relation to the allegations made to him by Sergeant O'Brien, the Chief of Police treated the allegations as a claim that a "hostile work environment" in violation of MGL Chapter 151B section 4 had been created, although no such specific claim had been made by Sergeant O'Brien. It was found after investigation that no "hostile work environment" had been created, presumably as the allegations had been reviewed in relation to MGL Chapter 151B.

11.     Subsequent to Sergeant O'Brien making the complaint referred to in paragraph 8 above, and providing the information set forth in paragraph 8 above to the Chief of Police in exercise of his First Amendment right to Freedom of Speech, Defendant Lieutenant Richard Robbins took actions to retaliate against and punish Sergeant O'Brien for his exercise of his right to Freedom of Speech, and to interfere with Sergeant O'Brien's exercise of his Freedom of Speech. Specifically, Lieutenant Richard Robbins engaged in the following actions of interference, retaliation and/or punishment against Sergeant O'Brien, among other such actions:

4

a. Lieutenant Richard Robbins unfairly and without justification gave Sergeant O'Brien an unfavorable annual performance review in relation to Sergeant O'Brien's work as a police officer.

b. Lieutenant Richard Robbins took a variety of actions to ostracize and marginalize Sergeant O'Brien within the Reading Police Department.

c. Lieutenant Richard Robbins Wrongfully refused to approve departmental policies drafted by Sergeant O'Brien, making it more difficult for Sergeant O'Brien to properly and efficiently carry out the duties and responsibilities of his job.

d. On one occasion, Lieutenant Richard Robbins directed that Sergeant O'Brien be supervised by an officer junior to Sergeant O'Brien, in order to cause embarrassment and humiliation to Sergeant O'Brien.

e. Lieutenant Richard Robbins intentionally and wrongfully excluded Sergeant O'Brien from departmental communications which were sent to all other departmental supervisory personnel and which should have been sent to Sergeant O'Brien.

f. Lieutenant Richard Robbins took various other actions towards Sergeant O'Brien which caused Sergeant O'Brien to suffer a great loss of status among his peers, superiors and subordinates at the Police Department, caused Sergeant O'Brien to fear for the loss of his job, and caused Sergeant O'Brien great emotional distress.

g. Lieutenant Robbins created a climate in which other officers were, explicitly or implicitly, encouraged to retaliate against Sergeant O'Brien. Among other things, on three occasions during 2007, evidence in cases in which Sergeant O'Brien was involved were either tampered with or mishandled by officers in the Detective Division which was, at the time, supervised by Lieutenant Robbins. As a result of the mishandling of evidence in these cases, Sergeant O'Brien's integrity and competence was questioned, his reputation was damaged; his chances for promotion were damaged, and he had to bear the emotional stress of possible civil liability or workplace discipline, all for matters which were not in any way his fault.

12. The various actions of Defendant Lieutenant Richard Robbins set forth in paragraph 11 above served to make it less likely that Sergeant O'Brien would be able to receive promotions within the Town of Reading Police Department.

13. The various actions of Defendant Lieutenant Richard Robbins set forth in paragraph 12 above, which were taken after Sergeant O'Brien exercised his right to Freedom of Speech as set forth in paragraph 8 above, constituted a series of actions toward Sergeant O'Brien which created a hostile work environment, and made it difficult for Sergeant O'Brien to perform the duties of his job, and thus constituted an adverse employment action. These actions also interfered with Sergeant O'Brien's exercise of his First Amendment right to Freedom of Speech.

TRUE ATTESTED COPY

CONSTABLE

14.    As a direct and proximate result of the actions of Defendant Lieutenant Richard Robbins as set forth in this Complaint, Sergeant O'Brien has suffered and will continue to suffer much harm, including loss of status on the job, an adverse employment action (as set forth in paragraph 13 above), loss of promotional opportunities, great emotional pain and suffering, and interference with Freedom of Speech.

## COUNT ONE

## AGAINST RICHARD ROBBINS FOR VIOLATION OF 42 USC §1983

15.    Plaintiff realleges and incorporates by reference as if fully set forth herein, ¶1-14 above.

16.    In relation to the actions set forth above which were taken in his position as a supervisor and one of the Town of Reading Police Department's managers, Defendant Lieutenant Richard Robbins was acting under color of state law in depriving Plaintiff of his rights under federal law to be able to engage in Freedom of Speech free of interference, and free of punishment or retaliation for engaging in such protected speech and protected activity. Defendant Robbins' actions in violation of 42 USC §1983 set forth herein, have caused injury to Plaintiff. Defendant Robbins engaged in a consistent pattern of retaliatory conduct against Plaintiff.

17.    Defendant Lieutenant Robbins' actions in violation of 42 USC §1983 set forth herein, were done intentionally, knowingly, and willfully with knowledge of their wrongfulness. Defendant Robbins is directly and personally responsible for his unlawful conduct, and was personally involved in committing the unlawful conduct.



TRUE ATTESTED COPY

CONSTABLE

18. By his actions set forth above, Defendant Robbins has. while acting under color of state law, deprived Plaintiff of his rights and privileges under federal laws in violation of 42 USC §1983.

WHEREFORE, Plaintiff demands that this Court enter Judgment in his favor and against Defendant Richard Robbins, in an amount to be determined by this Court, including monies to compensate him for lost pay if any, lost benefits if any, punitive damages, emotional pain and suffering, interest, costs and attorney's fees, that Defendant be Ordered to stop interfering with Plaintiff's right to Freedom of Speech, and such other and further relief that this Court deems just and proper.

### JURY TRIAL DEMAND

PLAINTIFF DEMANDS A TRIAL BY JURY OF ALL ISSUES AND COUNTS SO TRIABLE

Respectfully submitted,
MARK O'BRIEN
By his Attorney,

Mitchell J. Notis, BBO 374360
LAW OFFICE OF MITCHELL J. NOTIS
370 Washington Street
Brookline, MA 02445
Tel.: 617-566-2700

7