# Brody, Hardoon, Perkins & Kesten, LLP
## Attorneys at Law

Richard E. Brody
Laurence E. Hardoon
Samuel Perkins
Leonard H. Kesten
Jocelyn M. Sedney
Deborah I. Ecker

One Exeter Plaza
Boston, Massachusetts 02116

Telephone 617-880-7100
Facsimile 617-880-7171
www.bhpklaw.com

Judy A. Levenson
Jeremy I. Silverfine
Deidre Brennan Regan
Djuna E. Perkins
Peter E. Montgomery
Thomas R. Donohue
Kristin Tyler Harris
Patrick Hanley

Administrator:
Elizabeth L. Joyce

October 22, 2008

HAND DELIVERED
Civil Clerk's Office
United States District Court
One Courthouse Way
Boston, MA  02210

RE:   Mark O'Brien
VS:   Richard Robbins
        United States District Court Docket No.: 08-CV-11672
        Middlesex Superior Court Docket No.:  08-02460

Dear Sir/Madam:

Enclosed please find the following for docketing and filing with reference to the above-captioned matter:

1. Certified copy of documents on file with the Middlesex Superior Court.

Thank you for your attention to this matter. Please contact me if you have any questions.

Very truly yours,

BRODY, HARDOON, PERKINS & KESTEN, LLP

Leonard H. Kesten
Thomas R. Donohue

TRD/mb
Enclosures
Cc: Mitchell J. Notis, Esq.

## *Commonwealth of Massachusetts*
## SUPERIOR COURT DEPARTMENT
## THE TRIAL COURT
### WOBURN

I, Andrew Johnson, Deputy Assistant Clerk of the Superior Court, Within and for said County of Middlesex, do certify that the annexed papers are true copies made by photographic process of pleadings in 08-2460 entered in the Superior Court on the day of in the year of our Lord * two thousand eight                27th. June

In testimony whereof, I hereunto set my Hand and affix the seal of said Superior Court, at Woburn, in said County, this 7th.

Day of Oct. In the year of our

Lord two thousand eight

Deputy Assistant Clerk of Courts



Middlesex, SS.       Civil Action No.

**08-2460**

FILED
IN THE OFFICE OF THE
CLERK OF COURT
FOR THE COUNTY OF MIDDLESEX

JUN 2 7 2008

CLERK

**Mark O'Brien**
*Plaintiff*

v.

**Richard Robbins**
*Defendant*

724 2A000006 /27 /08C'UEL    240 27
724 2A000006 /27 /08SUR CHARGE    15 09
724 2A000006 /27 /08SECC    20 00
724 2A000006 /27 /08SI'MMONS    5 00

## COMPLAINT AND DEMAND FOR JURY TRIAL

### INTRODUCTION

1.  This is an action under 42 U.S.C. §1983 for interference with Freedom of Speech
in violation of the First Amendment to the U.S. Constitution. The action is brought by
Mark O'Brien ("O'Brien") a Police Sergeant employed by the Town of Reading Police
Department. After Sergeant O'Brien complained to the Chief of Police of the Town of
Reading about inappropriate actions (which were matters of public concern) engaged in
by one of his supervisors. Defendant Police Lieutenant Richard Robbins. Sergeant
O'Brien was ostracized and marginalized in the Police Department, received unfavorable
performance reviews, has been made to fear for the loss of his job, and has been made to
undergo much emotional distress, all for having asserted his right to Freedom of Speech,
and all constituting interference with Plaintiff's right to Freedom of Speech.

### JURISDICTION AND VENUE

2.  Jurisdiction over this matter lies in this Court as this is an action pursuant to
42 U.S.C. section 1983.

3.     Venue in this Court is proper because the illegal actions complained of herein occurred in Reading, Middlesex County, Massachusetts.

## PARTIES

4.     Mark O'Brien is a resident of Bradford, Essex County, Massachusetts. He is a citizen of the United States.

5.     Defendant Richard Robbins is a resident of Reading, Middlesex County, Massachusetts. He is sued in his individual capacity.

## FACTUAL BACKGROUND

6.     Plaintiff O'Brien has worked as a police officer for the Town of Reading for over 25 years. For the past 18 years, Plaintiff O'Brien has worked as Police Sergeant for the Town of Reading.

7.     Starting prior to April 2006, Sergeant O'Brien became aware that one of his supervisors, Defendant Lieutenant Robbins, was involved in an inappropriate romantic relationship with a female employee of the Town of Reading   The female employee was not an employee of the Reading Police Department.    Sergeant O'Brien was uncomfortable with this relationship as, among other reasons, the female employee would frequently visit Lieutenant Robbins in the Police Headquarters, she would spend substantial amounts of time at Police Department Headquarters although not on Town or Police Department business, she had received special treatment from the Reading Police Department, and she would frequently make phone calls to Lieutenant Robbins (which would have to be answered by Sergeant O'Brien and other officers who would have to be careful not to confuse this particular female with another female with whom Lieutenant Robbins was involved).  Sergeant O'Brien was very concerned about not confusing one of these two females with the other when they called into Police Headquarters by telephone for Lieutenant Robbins, which they both did frequently.

8.     On April 26, 2006, Sergeant O'Brien complained to the Chief of the Reading Police Department about Lieutenant Robbins' romantic relationship with the female Town employee. Sergeant O'Brien informed the Chief of Police that:

a.  Lieutenant Robbins was involved in an inappropriate romantic relationship with a female Town employee.

b.  That the female Town employee had filed false and baseless complaints against him (Sergeant O'Brien) regarding the manner in which he performed his work.

c.  That he (Sergeant O'Brien) believed that the complaint the female Town employee had made about him was instigated by and/or filed on behalf of, Lieutenant Robbins.

d.  That the complaint had been filed against Sergeant O'Brien by the female Town employee, due to Sergeant O'Brien's expressed disapproval of the romantic relationship between Lieutenant Robbins and the female Town employee, and so that Lieutenant Robbins and the female Town employee could have more time together while both were working (as the complaint related to a police detail filled by Sergeant O'Brien which was on occasion in the proximity of the female Town employee, which could have otherwise been filled by Lieutenant Robbins).

e.  That the relationship between Lieutenant Robbins and the female Town employee interfered with work and business at the Reading Police Headquarters, as the female Town employee would frequently visit Lieutenant Robbins at the Reading Police Headquarter for lengthy periods of time.

f.  That the relationship between Lieutenant Robbins and the female Town employee interfered with work and business of Sergeant O'Brien at the Reading Police Headquarters, and interfered with the ability of Sergeant O'Brien to perform his job.

g.  That Lieutenant Robbins had remained embarrassed by actions Sergeant O'Brien had taken years previously in relation to other police business in which Sergeant O'Brien and Lieutenant Robbins had been involved, and that as a result, over the years Lieutenant Robins had treated Sergeant O'Brien unfairly.

3

9. The various matters set forth in paragraph 8 above of which Sergeant O'Brien informed the Town of Reading Chief of Police on April 24, 2006, were matters of public concern. In discussing these matters with the Town of Reading Chief of Police, Sergeant O'Brien was exercising his right to Freedom of Speech pursuant to the First Amendment to the United States Constitution.

10. After being informed by Sergeant O'Brien of the matters set forth in paragraph 8 above, the Chief of the Reading Police Department retained a private law firm to serve as Town Counsel and to investigate the allegations made by Sergeant O'Brien. In relation to the allegations made to him by Sergeant O'Brien, the Chief of Police treated the allegations as a claim that a "hostile work environment" in violation of MGL Chapter 151B section 4 had been created, although no such specific claim had been made by Sergeant O'Brien. It was found after investigation that no "hostile work environment" had been created, presumably as the allegations had been reviewed in relation to MGL Chapter 151B.

11. Subsequent to Sergeant O'Brien making the complaint referred to in paragraph 8 above, and providing the information set forth in paragraph 8 above to the Chief of Police in exercise of his First Amendment right to Freedom of Speech, Defendant Lieutenant Richard Robbins took actions to retaliate against and punish Sergeant O'Brien for his exercise of his right to Freedom of Speech, and to interfere with Sergeant O'Brien's exercise of his Freedom of Speech. Specifically, Lieutenant Richard Robbins engaged in the following actions of interference, retaliation and/or punishment against Sergeant O'Brien, among other such actions:

4

a. Lieutenant Richard Robbins unfairly and without justification gave Sergeant O'Brien an unfavorable annual performance review in relation to Sergeant O'Brien's work as a police officer.

b. Lieutenant Richard Robbins took a variety of actions to ostracize and marginalize Sergeant O'Brien within the Reading Police Department.

c. Lieutenant Richard Robbins Wrongfully refused to approve departmental policies drafted by Sergeant O'Brien, making it more difficult for Sergeant O'Brien to properly and efficiently carry out the duties and responsibilities of his job.

d. On one occasion, Lieutenant Richard Robbins directed that Sergeant O'Brien be supervised by an officer junior to Sergeant O'Brien, in order to cause embarrassment and humiliation to Sergeant O'Brien.

e. Lieutenant Richard Robbins intentionally and wrongfully excluded Sergeant O'Brien from departmental communications which were sent to all other departmental supervisory personnel and which should have been sent to Sergeant O'Brien.

f. Lieutenant Richard Robbins took various other actions towards Sergeant O'Brien which caused Sergeant O'Brien to suffer a great loss of status among his peers, superiors and subordinates at the Police Department, caused Sergeant O'Brien to fear for the loss of his job, and caused Sergeant O'Brien great emotional distress.

g. Lieutenant Robbins created a climate in which other officers were, explicitly or implicitly, encouraged to retaliate against Sergeant O'Brien. Among other things, on three occasions during 2007, evidence in cases in which Sergeant O'Brien was involved were either tampered with or mishandled by officers in the Detective Division which was, at the time, supervised by Lieutenant Robbins. As a result of the mishandling of evidence in these cases, Sergeant O'Brien's integrity and competence was questioned, his reputation was damaged, his chances for promotion were damaged, and he had to bear the emotional stress of possible civil liability or workplace discipline, all for matters which were not in any way his fault.

12.     The various actions of Defendant Lieutenant Richard Robbins set forth in paragraph 11 above served to make it less likely that Sergeant O'Brien would be able to receive promotions within the Town of Reading Police Department.

13.     The various actions of Defendant Lieutenant Richard Robbins set forth in paragraph 12 above, which were taken after Sergeant O'Brien exercised his right to Freedom of Speech as set forth in paragraph 8 above, constituted a series of actions toward Sergeant O'Brien which created a hostile work environment, and made it difficult for Sergeant O'Brien to perform the duties of his job, and thus constituted an adverse employment action. These actions also interfered with Sergeant O'Brien's exercise of his First Amendment right to Freedom of Speech.

5

14. As a direct and proximate result of the actions of Defendant Lieutenant Richard Robbins as set forth in this Complaint, Sergeant O'Brien has suffered and will continue to suffer much harm, including loss of status on the job, an adverse employment action (as set forth in paragraph 13 above), loss of promotional opportunities, great emotional pain and suffering, and interference with Freedom of Speech.

## COUNT ONE

### AGAINST RICHARD ROBBINS FOR VIOLATION OF 42 USC §1983

15. Plaintiff realleges and incorporates by reference as if fully set forth herein, ¶1-14 above.

16. In relation to the actions set forth above which were taken in his position as a supervisor and one of the Town of Reading Police Department's managers, Defendant Lieutenant Richard Robbins was acting under color of state law in depriving Plaintiff of his rights under federal law to be able to engage in Freedom of Speech free of interference, and free of punishment or retaliation for engaging in such protected speech and protected activity. Defendant Robbins' actions in violation of 42 USC §1983 set forth herein, have caused injury to Plaintiff. Defendant Robbins engaged in a consistent pattern of retaliatory conduct against Plaintiff.

17. Defendant Lieutenant Robbins' actions in violation of 42 USC §1983 set forth herein, were done intentionally, knowingly, and willfully with knowledge of their wrongfulness. Defendant Robbins is directly and personally responsible for his unlawful conduct, and was personally involved in committing the unlawful conduct.

6

18. By his actions set forth above, Defendant Robbins has, while acting under color of state law, deprived Plaintiff of his rights and privileges under federal laws in violation of 42 USC §1983.

WHEREFORE, Plaintiff demands that this Court enter Judgment in his favor and against Defendant Richard Robbins, in an amount to be determined by this Court, including monies to compensate him for lost pay if any, lost benefits if any, punitive damages, emotional pain and suffering, interest, costs and attorney's fees, that Defendant be Ordered to stop interfering with Plaintiff's right to Freedom of Speech, and such other and further relief that this Court deems just and proper.

## JURY TRIAL DEMAND

## PLAINTIFF DEMANDS A TRIAL BY JURY OF ALL ISSUES AND COUNTS SO TRIABLE

Respectfully submitted,
MARK O'BRIEN
By his Attorney,

Mitchell J. Notis, BBO 374360
LAW OFFICE OF MITCHELL J. NOTIS
370 Washington Street
Brookline, MA 02445
Tel.: 617-566-2700

## COMMONWEALTH OF MASSACHUSETTS

MIDDLESEX, SS.                                      SUPERIOR COURT
                                                   Civil Action No. 08-02460

                                              )
MARK O'BRIEN                                  )
      Plaintiff                               )
                                              )
Vs.                                           )
                                              )
RICHARD ROBBINS                               )
      Defendant                               )
_____       )

### WRITTEN NOTICE OF REMOVAL TO
### FEDERAL COURT PURSUANT TO 28 U.S.C. §1446(d)

A Notice of Removal of the above-captioned action from the Superior Court of

the Commonwealth of Massachusetts, Middlesex County, to the United States District

Court for the District of Massachusetts (a copy of which Notice is filed herewith) was

duly filed on September 30, 2008, in the United States District Court for the District of

Massachusetts. A copy of the Notice of Removal, certified by the United States District

Court for the District of Massachusetts, having been duly filed with the Clerk for the

Superior Court of the Commonwealth of Massachusetts, Middlesex County, in

accordance with 28 U.S.C. §1446(d), the Superior Court shall proceed no further herein

unless and until the case is remanded.

Respectfully submitted,
Defendant,
By his attorneys,

*Leonard H. Kesten*

Leonard H. Kesten, BBO #542042
Thomas R. Donohue, BBO #643483
Brody, Hardoon, Perkins & Kesten, LLP
1 Exeter Plaza
Boston, MA 02116
617-880-7100

Dated: October 2, 2008

**CERTIFICATE OF SERVICE**

I hereby certify that a true copy of the above document
was served upon the attorney of record for each other
party by mail-hand on _10/2/2008_

*Leonard H. Kesten*

COMMONWEALTH OF MASSACHUSETTS

MIDDLESEX, SS.

SUPERIOR COURT
Civil Action No. 08-02460

MARK O'BRIEN
    Plaintiff

Vs.

RICHARD ROBBINS
    Defendant

9/30/08 that the
...going document is true and correct copy of th
[ ] electronic docket in the captioned case
[✓] electronically filed original filed on 9/30/2008
[ ] original filed in my office on ___ _____
        Sarah A. Thornton
        Clerk  U.S  District Court
        District of Massachusetts
        Saul Samez

## DEFENDANTS' NOTICE OF REMOVAL OF ACTION FROM STATE COURT

Pursuant to 28 U.S.C. §1441(b) and 1446, defendant petitions for removal of this action to the United States District Court for the District of Massachusetts. As grounds therefore, the defendants state as follows:

1.     On or about June 27, 2008, the plaintiff filed this suit in the Middlesex Superior Court, Civil Action No. 08-02460.

2.     On September 16, 2008, the plaintiff's complaint was served upon the defendant. Attached as Exhibit A is a copy of the plaintiff's complaint and summons, which was served upon the defendant.

3.     In the complaint, the plaintiff alleges "42 U.S.C. §1983 provides a cause of action for the violation of a citizen's rights protected by the Constitution of the United States."

4.     Because this matter is an action arising under federal law of which this Court has original jurisdiction, as authorized by 28 U.S.C. §1331, it is subject to removal under 28 U.S.C. §1441(b).

5. This Notice of Removal is being filed within the time period required by law, 28 U.S.C. §1446(b).

Respectfully submitted,

/s/ Leonard H. Kesten

Leonard H. Kesten, BBO #542042
Thomas R. Donohue, BBO #643483
Brody, Hardoon, Perkins & Kesten, LLP
1 Exeter Plaza
Boston, MA   02116
617-880-7100

Dated: September 30, 2008

# EXHIBIT A

TO PLAINTIFF'S ATTORNEY: PLEASE CIRCLE TYPE OF ACTION INVOLVED: —
TORT — MOTOR VEHICLE TORT — CONTRACT —
EQUITABLE RELIEF — OTHER

**TRUE ATTESTED COPY**

**CONSTABLE**

## COMMONWEALTH OF MASSACHUSETTS

MIDDLESEX ........, ss

SUPERIOR COURT
DEPARTMENT
OF THE
TRIAL COURT
CIVIL ACTION
No. *0 8 -02460*



*Mark O'Brien* ..., Plaintiff(s)

v.

*Richard Robbins* , Defendant(s)

## SUMMONS

To the above-named Defendant: *Richard Robbins*
*42 Dudley St.*
You are hereby summoned and required to serve upon *Reading, MA  01867      Mitchell Notis*

................................................ plaintiff's attorney, whose address is *Law Office of Mitchell Notis,*
*370 Washington St, Brookline, MA  02445* an answer to the complaint which is herewith

served upon you, within 20 days after service of this summons upon you, exclusive of the day of service. If you

fail to do so, judgment by default will be taken against you for the relief demanded in the complaint. You are also

required to file your answer to the complaint in the office of the Clerk of this court at .. *Burlington* ...........

................................................................... either before service upon plaintiff's attorney or within a

reasonable time thereafter.

Unless otherwise provided by Rule 13(a), your answer must state as a counterclaim any claim which you may

have against the plaintiff which arises out of the transaction or occurrence that is the subject matter of the plaintiff's

claim or you will thereafter be barred from making such claim in any other action.

Witness, Barbara J. Rouse, Esquire, at ..... *Burlington* ...............................................

the ................. *1st* ............................... day of ..... *August* ..........................................

.................., in the year of our Lord ........ *2008* ................... .

................................................
**Clerk**

NOTICE TO DEFENDANT — You need not appear personally in court to answer the complaint, but if you claim to have a defense, either you or your attorney must serve a copy of your written answer within 20 days as specified herein and also file the original in the Clerk's Office.

NOTES.
1. This summons is issued pursuant to Rule 4 of the Massachusetts Rules of Civil Procedure.
2. When more than one defendant is involved, the names of all such defendants should appear in the caption. If a separate summons is used
for each defendant, each should be addressed to the particular defendant.

FORM NO. SUP. — 001

## PROOF OF SERVICE OF PROCESS

I hereby certify and return that on ......... September 16 ..................................
20.08..., I served a copy of the within summons, together with a copy of the complaint in this action,
upon the within-named defendant, in the following manner (See Mass. R. Civ. P. 4 (d) (1-5)):

Served Last And Usuall Place
of Abade At 42 Dalley Street, Reading
MA

Dated: ......... September 16 ................. 20.08

### N.B. TO PROCESS SERVER:

PLEASE PLACE DATE YOU MAKE SERVICE ON DEFENDANT IN THIS BOX
ON THE ORIGINAL AND ON COPY SERVED ON DEFENDANT.

( _Roy Mih_ )
( _September 16 ......., 20.08._ )
( _Constable_ )

COMMONWEALTH OF MASSACHUSETTS

MIDDLESEX ...... ss.

SUPERIOR COURT
DEPARTMENT
OF THE
TRIAL COURT
CIVIL ACTION
No.

....................., Plff.

v.

....................., Deft.

SUMMONS
(Mass. R. Civ. P. 4)

 **Trial Court Information Center**
Commonwealth of Massachusetts



Home » County Inquiry » Civil Party Search » Search Results » Docket Details

## O'Brien v Robbins

**Details for Docket: MICV2008-02460**

**Case Information**

| | | | |
|---|---|---|---|
| **Docket Number:** | MICV2008-02460 | **Caption:** | O'Brien v Robbins |
| **Filing Date:** | 06/27/2008 | **Case Status:** | Needs review for service |
| **Status Date:** | 06/27/2008 | **Session:** | Civil C CtRm 610 (Woburn) |
| **Lead Case:** | NA | **Case Type:** | Complex |

**Tracking Deadlines**

| | | | |
|---|---|---|---|
| **TRK:** | F | **Discovery:** | 04/23/2009 |
| **Service Date:** | 09/25/2008 | **Disposition:** | 04/18/2010 |
| **Rule 15:** | 11/24/2008 | **Rule 12/19/20:** | 11/24/2008 |
| **Final PTC:** | 10/20/2009 | **Rule 56:** | 06/22/2009 |
| **Answer Date:** | 10/25/2008 | **Jury Trial:** | YES |

**Case Information**

| | | | |
|---|---|---|---|
| **Docket Number:** | MICV2008-02460 | **Caption:** | O'Brien v Robbins |
| **Filing Date:** | 06/27/2008 | **Case Status:** | Needs review for service |
| **Status Date:** | 06/27/2008 | **Session:** | Civil C CtRm 610 (Woburn) |
| **Lead Case:** | NA | **Case Type:** | Misc tort |

**Tracking Deadlines**

| | | | |
|---|---|---|---|
| **TRK:** | F | **Discovery:** | 04/23/2009 |
| **Service Date:** | 09/25/2008 | **Disposition:** | 04/18/2010 |
| **Rule 15:** | 11/24/2008 | **Rule 12/19/20:** | 11/24/2008 |
| **Final PTC:** | 10/20/2009 | **Rule 56:** | 06/22/2009 |
| **Answer Date:** | 10/25/2008 | **Jury Trial:** | YES |

| Docket Details: | Parties | Attorneys | Docket Entries | Calendar Events |
|---|---|---|---|---|
| | | | | Print Docket |

Massachusetts Administrative Office of the Trial Court
© Copyright, 2000-2001
» Logout

Terms of Use
System data reflects current activity.

TRUE ATTESTED COPY.

CONSTABLE

COMMONWEALTH OF MASSACHUSETTS
MIDDLESEX SUPERIOR COURT

06-2461

Middlesex, SS. : Civil Action No.

FILED
IN THE OFFICE OF THE
CLERK OF COURTS
FOR THE COUNTY OF MIDDLESEX

JUN 27 2008

CLERK

**Mark O'Brien**
*Plaintiff*

v.

**Richard Robbins**
*Defendant*

Pursuant to MRCP 4(c), Plaintiff moves this court to appoint David Mitten of 16 Thomas Road, Berkley, Massachusetts, a Constable in and for the City of Taunton, Massachusetts, as process server for all purposes of this case, including without limitation, serving the summons and complaint. To the best of counsel's knowledge and belief, the person to be appointed process server is eighteen years of age or over, and is neither a party to nor interested in, this action.

Plaintiff
By his attorney,

MITCHELL J. NOTIS

MITCHELL J. NOTIS
Law Office of Mitchell J. Notis
370 Washington Street
Brookline, Massachusetts 02445
617-566-2700
BBO# 374360

**TRUE ATTESTED COPY**

**CONSTABLE**

COMMONWEALTH OF MASSACHUSETTS
MIDDLESEX SUPERIOR COURT

Middlesex, SS.                                     Civil Action No.  $0 8-0 2 4 6 0$

---

Mark O'Brien
*Plaintiff*

v.

Richard Robbins
*Defendant*

**FILED**
IN THE OFFICE OF THE
CLERK OF COURTS.
FOR THE COUNTY OF MIDDLESEX

JUN 27 2008

CLERK

---

## COMPLAINT AND DEMAND FOR JURY TRIAL

### INTRODUCTION

1.      This is an action under 42 U.S.C. §1983 for interference with Freedom of Speech in violation of the First Amendment to the U.S. Constitution. The action is brought by Mark O'Brien ("O'Brien") a Police Sergeant employed by the Town of Reading Police Department. After Sergeant O'Brien complained to the Chief of Police of the Town of Reading about inappropriate actions (which were matters of public concern) engaged in by one of his supervisors, Defendant Police Lieutenant Richard Robbins, Sergeant O'Brien was ostracized and marginalized in the Police Department, received unfavorable performance reviews, has been made to fear for the loss of his job, and has been made to undergo much emotional distress, all for having asserted his right to Freedom of Speech, and all constituting interference with Plaintiff's right to Freedom of Speech.

### JURISDICTION AND VENUE

2.      Jurisdiction over this matter lies in this Court as this is an action pursuant to 42 U.S.C. section 1983.

**TRUE ATTESTED COPY**

**CONSTABLE**



3.    Venue in this Court is proper because the illegal actions complained of herein occurred in Reading. Middlesex County. Massachusetts.

## PARTIES

4.    Mark O'Brien is a resident of Bradford, Essex County. Massachusetts. He is a citizen of the United States.

5.    Defendant Richard Robbins is a resident of Reading, Middlesex County, Massachusetts. He is sued in his individual capacity.

## FACTUAL BACKGROUND

6.    Plaintiff O'Brien has worked as a police officer for the Town of Reading for over 25 years. For the past 18 years, Plaintiff O'Brien has worked as Police Sergeant for the Town of Reading.

7.    Starting prior to April 2006, Sergeant O'Brien became aware that one of his supervisors, Defendant Lieutenant Robbins, was involved in an inappropriate romantic relationship with a female employee of the Town of Reading. The female employee was not an employee of the Reading Police Department.    Sergeant O'Brien was uncomfortable with this relationship as, among other reasons, the female employee would frequently visit Lieutenant Robbins in the Police Headquarters, she would spend substantial amounts of time at Police Department Headquarters although not on Town or Police Department business, she had received special treatment from the Reading Police Department, and she would frequently make phone calls to Lieutenant Robbins (which would have to be answered by Sergeant O'Brien and other officers who would have to be careful not to confuse this particular female with another female with whom Lieutenant Robbins was involved). Sergeant O'Brien was very concerned about not confusing one of these two females with the other when they called into Police Headquarters by telephone for Lieutenant Robbins, which they both did frequently.

2

TRUE ATTESTED COPY

CONSTABLE

8.     On April 20, 2006. Sergeant O'Brien complained to the Chief of the Reading Police Department about Lieutenant Robbins' romantic relationship with the female Town employee. Sergeant O'Brien informed the Chief of Police that:

a. Lieutenant Robbins was involved in an inappropriate romantic relationship with a female Town employee.

b. That the female Town employee had filed false and baseless complaints against him (Sergeant O'Brien) regarding the manner in which he performed his work.

c. That he (Sergeant O'Brien) believed that the complaint the female Town employee had made about him was instigated by and/or filed on behalf of, Lieutenant Robbins.

d. That the complaint had been filed against Sergeant O'Brien by the female Town employee, due to Sergeant O'Brien's expressed disapproval of the romantic relationship between Lieutenant Robbins and the female Town employee, and so that Lieutenant Robbins and the female Town employee could have more time together while both were working (as the complaint related to a police detail filled by Sergeant O'Brien which was on occasion in the proximity of the female Town employee, which could have otherwise been filled by Lieutenant Robbins).

e. That the relationship between Lieutenant Robbins and the female Town employee interfered with work and business at the Reading Police Headquarters, as the female Town employee would frequently visit Lieutenant Robbins at the Reading Police Headquarter for lengthy periods of time.

f. That the relationship between Lieutenant Robbins and the female Town employee interfered with work and business of Sergeant O'Brien at the Reading Police Headquarters, and interfered with the ability of Sergeant O'Brien to perform his job.

g. That Lieutenant Robbins had remained embarrassed by actions Sergeant O'Brien had taken years previously in relation to other police business in which Sergeant O'Brien and Lieutenant Robbins had been involved, and that as a result, over the years Lieutenant Robins had treated Sergeant O'Brien unfairly.

3

TRUE ATTESTED COPY

CONSTABLE

9.      The various matters set forth in paragraph 8 above of which Sergeant O'Brien
informed the Town of Reading Chief of Police on April 24, 2006. were matters of public
concern. In discussing these matters with the Town of Reading Chief of Police. Sergeant
O'Brien was exercising his right to Freedom of Speech pursuant to the First Amendment
to the United States Constitution.

10.     After being informed by Sergeant O'Brien of the matters set forth in paragraph 8
above, the Chief of the Reading Police Department retained a private law firm to serve as
Town Counsel and to investigate the allegations made by Sergeant O'Brien. In
relation to the allegations made to him by Sergeant O'Brien. the Chief of Police treated
the allegations as a claim that a "hostile work environment" in violation of MGL Chapter
151B section 4 had been created, although no such specific claim had been made by
Sergeant O'Brien. It was found after investigation that no "hostile work environment"
had been created. presumably as the allegations had been reviewed in relation to MGL
Chapter 151B.

11.     Subsequent to Sergeant O'Brien making the complaint referred to in paragraph 8
above, and providing the information set forth in paragraph 8 above to the Chief of Police
in exercise of his First Amendment right to Freedom of Speech, Defendant Lieutenant
Richard Robbins took actions to retaliate against and punish Sergeant O'Brien for his
exercise of his right to Freedom of Speech. and to interfere with Sergeant O'Brien's
exercise of his Freedom of Speech. Specifically, Lieutenant Richard Robbins engaged in
the following actions of interference. retaliation and/or punishment against Sergeant
O'Brien, among other such actions:

4



TRUE ATTESTED COPY

CONSTABLE

a. Lieutenant Richard Robbins unfairly and without justification gave Sergeant O'Brien an unfavorable annual performance review in relation to Sergeant O'Brien's work as a police officer.

b. Lieutenant Richard Robbins took a variety of actions to ostracize and marginalize Sergeant O'Brien within the Reading Police Department.

c. Lieutenant Richard Robbins Wrongfully refused to approve departmental policies drafted by Sergeant O'Brien, making it more difficult for Sergeant O'Brien to properly and efficiently carry out the duties and responsibilities of his job.

d. On one occasion, Lieutenant Richard Robbins directed that Sergeant O'Brien be supervised by an officer junior to Sergeant O'Brien, in order to cause embarrassment and humiliation to Sergeant O'Brien.

e. Lieutenant Richard Robbins intentionally and wrongfully excluded Sergeant O'Brien from departmental communications which were sent to all other departmental supervisory personnel and which should have been sent to Sergeant O'Brien.

f. Lieutenant Richard Robbins took various other actions towards Sergeant O'Brien which caused Sergeant O'Brien to suffer a great loss of status among his peers, superiors and subordinates at the Police Department, caused Sergeant O'Brien to fear for the loss of his job, and caused Sergeant O'Brien great emotional distress.

g. Lieutenant Robbins created a climate in which other officers were, explicitly or implicitly, encouraged to retaliate against Sergeant O'Brien. Among other things, on three occasions during 2007, evidence in cases in which Sergeant O'Brien was involved were either tampered with or mishandled by officers in the Detective Division which was, at the time, supervised by Lieutenant Robbins. As a result of the mishandling of evidence in these cases. Sergeant O'Brien's integrity and competence was questioned, his reputation was damaged, his chances for promotion were damaged. and he had to bear the emotional stress of possible civil liability or workplace discipline, all for matters which were not in any way his fault.

12. The various actions of Defendant Lieutenant Richard Robbins set forth in paragraph 11 above served to make it less likely that Sergeant O'Brien would be able to receive promotions within the Town of Reading Police Department.

13. The various actions of Defendant Lieutenant Richard Robbins set forth in paragraph 12 above, which were taken after Sergeant O'Brien exercised his right to Freedom of Speech as set forth in paragraph 8 above, constituted a series of actions toward Sergeant O'Brien which created a hostile work environment, and made it difficult for Sergeant O'Brien to perform the duties of his job, and thus constituted an adverse employment action. These actions also interfered with Sergeant O'Brien's exercise of his First Amendment right to Freedom of Speech.

5

TRUE ATTESTED COPY

CONSTABLE

14. As a direct and proximate result of the actions of Defendant Lieutenant Richard Robbins as set forth in this Complaint. Sergeant O'Brien has suffered and will continue to suffer much harm. including loss of status on the job, an adverse employment action (as set forth in paragraph 13 above). loss of promotional opportunities, great emotional pain and suffering, and interference with Freedom of Speech.

## COUNT ONE

## AGAINST RICHARD ROBBINS FOR VIOLATION OF 42 USC §1983

15. Plaintiff realleges and incorporates by reference as if fully set forth herein, ¶1-14 above.

16. In relation to the actions set forth above which were taken in his position as a supervisor and one of the Town of Reading Police Department's managers, Defendant Lieutenant Richard Robbins was acting under color of state law in depriving Plaintiff of his rights under federal law to be able to engage in Freedom of Speech free of interference, and free of punishment or retaliation for engaging in such protected speech and protected activity. Defendant Robbins' actions in violation of 42 USC §1983 set forth herein, have caused injury to Plaintiff. Defendant Robbins engaged in a consistent pattern of retaliatory conduct against Plaintiff.

17. Defendant Lieutenant Robbins' actions in violation of 42 USC §1983 set forth herein, were done intentionally, knowingly, and willfully with knowledge of their wrongfulness. Defendant Robbins is directly and personally responsible for his unlawful conduct, and was personally involved in committing the unlawful conduct.

6


TRUE ATTESTED COPY

CONSTABLE

18    By his actions set forth above, Defendant Robbins has. while acting under color
of state law. deprived Plaintiff of his rights and privileges under federal laws in violation
of 42 USC §1983.

WHEREFORE. Plaintiff demands that this Court enter Judgment in his favor and against
Defendant Richard Robbins. in an amount to be determined by this Court, including
monies to compensate him for lost pay if any, lost benefits if any. punitive damages,
emotional pain and suffering, interest costs and attorney's fees, that Defendant be
Ordered to stop interfering with Plaintiff's right to Freedom of Speech, and such other
and further relief that this Court deems just and proper.

## JURY TRIAL DEMAND

## PLAINTIFF DEMANDS A TRIAL BY JURY OF ALL ISSUES AND COUNTS SO

## TRIABLE

Respectfully submitted,
MARK O'BRIEN
By his Attorney,

Mitchell J. Notis, BBO 374360
LAW OFFICE OF MITCHELL J. NOTIS
370 Washington Street
Brookline, MA 02445
Tel.: 617-566-2700

7

# EXHIBIT B

JS 44 (Rev. 3/99)

# CIVIL COVER SHEET

The JS-44 civil cover sheet and the information contained herein neither replace nor supplement the filing and service of pleadings or other papers as required by law, except as provided by local rules of court. This form, approved by the Judicial Conference of the United States in September 1974, is required for the use of the Clerk of Court for the purpose of initiating the civil docket sheet. (SEE INSTRUCTIONS ON THE REVERSE OF THE FORM.)

## I. (a) PLAINTIFFS

MARK O'BRIEN

**DEFENDANTS**

RICHARD ROBBINS

(b) County of Residence of First Listed Plaintiff **Essex**
(EXCEPT IN U.S. PLAINTIFF CASES)

County of Residence of First Listed **Middlesex**
(IN U.S. PLAINTIFF CASES ONLY)
NOTE: IN LAND CONDEMNATION CASES, USE THE LOCATION OF THE
LAND INVOLVED.

(c) Attorney's (Firm Name, Address, and Telephone Number)

Mitchell J. Notis, BBO #374360
Law Office of Mitchell J. Notis
370 Washington St., Brookline, MA 02445
617-566-2700

Attorneys (If Known)

Leonard H. Kesten, BBO #542042
Thomas R. Donohue, BBO #643483
Brody, Hardoon, Perkins & Kesten, LLP
1 Exeter Plaza, Boston, MA 02116   617-880-7100

## II. BASIS OF JURISDICTION (Place an "X" in One Box Only)

| | |
|---|---|
| ☐ 1 U.S. Government Plaintiff | ☒ 3 Federal Question (U.S. Government Not a Party) |
| ☐ 2 U.S. Government Defendant | ☐ 4 Diversity (Indicate Citizenship of Parties in Item III) |

## III. CITIZENSHIP OF PRINCIPAL PARTIES (Place an "X" in One Box for Plaintiff and One Box for Defendant)
(For Diversity Cases Only)

| | DEF | | | DEF |
|---|---|---|---|---|
| Citizen of This State | ☐ 1 | ☐ 1 | Incorporated or Principal Place of Business in This State | ☐ 4 ☐ 4 |
| Citizen of Another State | ☐ 2 | ☐ 2 | Incorporated and Principal Place of Business in Another State | ☐ 5 ☐ 5 |
| Citizen or Subject of a Foreign Country | ☐ 3 | ☐ 3 | Foreign Nation | ☐ 6 ☐ 6 |

## IV. NATURE OF SUIT (Place an "X" in One Box Only)

| CONTRACT | TORTS | | FORFEITURE/PENALTY | BANKRUPTCY | OTHER STATUTES |
|---|---|---|---|---|---|
| ☐ 110 Insurance | **PERSONAL INJURY** | **PERSONAL INJURY** | ☐ 610 Agriculture | ☐ 422 Appeal 28 USC 158 | ☐ 400 State Reapportionment |
| ☐ 120 Marine | ☐ 310 Airplane | ☐ 362 Personal Injury | ☐ 620 Other Food & Drug | | ☐ 410 Antitrust |
| ☐ 130 Miller Act | ☐ 315 Airplane Product | Med. Malpractice | ☐ 625 Drug Related Seizure | ☐ 423 Withdrawal | ☐ 430 Banks and Banking |
| ☐ 140 Negotiable Instrument | Liability | ☐ 365 Personal Injury | of Property 21 USC | 28 USC 157 | ☐ 450 Commerce/ICC Rates/etc. |
| ☐ 150 Recovery of Overpayment | ☐ 320 Assault, Libel & | Product Liability | ☐ 630 Liquor Laws | | ☐ 460 Deportation |
| & Enforcement of | Slander | ☐ 368 Asbestos Personal | ☐ 640 R.R. & Truck | **PROPERTY RIGHTS** | ☐ 470 Racketeer Influenced and |
| ☐ 151 Medicare Act | ☐ 330 Federal Employers' | Injury Product | ☐ 650 Airline Regs. | | Corrupt Organizations |
| ☐ 152 Recovery of Defaulted | Liability | Liability | ☐ 660 Occupational | ☐ 820 Copyrights | ☐ 810 Selective Service |
| Student Loans | ☐ 340 Marine | **PERSONAL PROPERTY** | Safety/Health | ☐ 830 Patent | ☐ 850 Securities/Commodities/ |
| (Excl. Veterans) | ☐ 345 Marine Product | ☐ 370 Other Fraud | ☐ 690 Other | ☐ 840 Trademark | Exchange |
| ☐ 153 Recovery of Overpayment | Liability | ☐ 371 Truth in Lending | | | ☐ 875 Customer Challenge |
| of Veteran's Benefits | ☐ 350 Motor Vehicle | ☐ 380 Other Personal | **LABOR** | **SOCIAL SECURITY** | 12 USC 3410 |
| ☐ 160 Stockholders' Suits | ☐ 355 Motor Vehicle | Property Damage | | | ☐ 891 Agricultural Acts |
| ☐ 190 Other Contract | Product Liability | ☐ 385 Property Damage | ☐ 710 Fair Labor Standards | ☐ 861 HIA (1395ff) | ☐ 892 Economic Stabilization Act |
| ☐ 195 Contract Product Liability | ☐ 360 Other Personal Injury | Product Liability | Act | ☐ 862 Black Lung (923) | ☐ 893 Environmental Matters |
| | | | ☐ 720 Labor/Mgmt. Relations | ☐ 863 DIWC/DIWW (405(g)) | ☐ 894 Energy Allocation Act |
| **REAL PROPERTY** | **CIVIL RIGHTS** | **PRISONER PETITIONS** | | ☐ 864 SSID Title XVI | ☐ 895 Freedom of |
| | | | ☐ 730 Labor/Mgmt.Reporting | ☐ 865 RSI (405(g)) | Information Act |
| ☐ 210 Land Condemnation | ☐ 441 Voting | ☐ 510 Motions to Vacate | & Disclosure Act | | ☐ 900 Appeal of Fee |
| ☐ 220 Foreclosure | ☐ 442 Employment | Sentence | ☐ 740 Railway Labor Act | **FEDERAL TAX SUITS** | Determination Under Equal Access to |
| ☐ 230 Rent Lease & Ejectment | ☐ 443 Housing/ | Habeas Corpus: | | ☐ 870 Taxes (U.S. Plaintiff | Justice |
| ☐ 240 Torts to Land | Accommodations | ☐ 530 General | ☐ 790 Other Labor Litigation | or Defendant) | ☐ 950 Constitutionality of |
| ☐ 245 Tort Product Liability | ☐ 444 Welfare | ☐ 535 Death Penalty | | | State Statutes |
| ☐ 290 All Other Real Property | ☒ 440 Other Civil Rights | ☐ 540 Mandamus & Other | ☐ 791 Empl. Ret. Inc. | ☐ 871 IRS Third Party | ☐ 890 Other Statutory Actions |
| | | ☐ 550 Civil Rights | Security Act | 26 USC 7609 | |
| | | ☐ 555 Prison Condition | | | |

## V. ORIGIN (PLACE AN "X" IN ONE BOX ONLY)

| | |
|---|---|
| ☒ 1 Original Proceeding | ☐ 2 Removed from State Court   ☐ 3 Remanded from Appellate Court   ☐ 4 Reinstated or Reopened   ☐ 5 (specify) Transferred from another district   ☐ 6 Multidistrict Litigation | Appeal to District Judge from ☐ 7 Magistrate Judgment |

## VI. CAUSE OF ACTION (Cite the U.S. Civil Statute under which you are filing and write brief statement of cause. Do not cite jurisdictional statutes unless diversity.)

42 USC Section 1983

## VII. REQUESTED IN COMPLAINT:

☐ CHECK IF THIS IS A CLASS ACTION UNDER F.R.C.P. 23

**DEMAND $**

CHECK YES only if demanded in complaint:
**JURY DEMAND:** ☒ Yes ☐ No

## VIII. RELATED CASE(S) IF ANY
(See instructions):

JUDGE _Leonard H. Kesten_
DOCKET NUMBER

DATE **September 30, 2008**

SIGNATURE OF ATTORNEY OF RECORD

FOR OFFICE USE ONLY

RECEIPT #_____ AMOUNT_____ APPLYING IFP_____ JUDGE_____ MAG. JUDGE_____

1. Title of case (name of first party on each side only) **Mark O'Brien v. Richard Robbins**

2. Category in which the case belongs based upon the numbered nature of suit code listed on the civil cover sheet. (See local rule 40.1(a)(1)).

| | | |
|---|---|---|
| ☐ | I. | 160, 410, 470, R.23, REGARDLESS OF NATURE OF SUIT. |
| ☒ | II. | 195, 368, 400, 440, 441-444, 540, 550, 555, 625, 710, 720, 730, 740, 790, 791, 820*, 830*, 840*, 850, 890, 892-894, 895, 950. |
| ☐ | III. | 110, 120, 130, 140, 151, 190, 210, 230, 240, 245, 290, 310, 315, 320, 330, 340, 345, 350, 355, 360, 362, 365, 370, 371, 380, 385, 450, 891. |
| ☐ | IV. | 220, 422, 423, 430, 460, 510, 530, 610, 620, 630, 640, 650, 660, 690, 810, 861-865, 870, 871, 875, 900. |
| ☐ | V. | 150, 152, 153. |

*Also complete AO 120 or AO 121 for patent, trademark or copyright cases

3. Title and number, if any, of related cases. (See local rule 40.1(g)). If more than one prior related case has been filed in this district please indicate the title and number of the first filed case in this court.

4. Has a prior action between the same parties and based on the same claim ever been filed in this court?

   YES ☐    NO ☒

5. Does the complaint in this case question the constitutionality of an act of congress affecting the public interest? (See 28 USC §2403)

   YES ☐    NO ☒

   If so, is the U.S.A. or an officer, agent or employee of the U.S. a party?

   YES ☐    NO ☐

6. Is this case required to be heard and determined by a district court of three judges pursuant to title 28 USC §2284?

   YES ☐    NO ☒

7. Do all of the parties in this action, excluding governmental agencies of the united states and the Commonwealth of Massachusetts ("governmental agencies"), residing in Massachusetts reside in the same division? - (See Local Rule 40.1(d)).

   YES ☒    NO ☐

   A. If yes, in which division do all of the non-governmental parties reside?

   Eastern Division ☒    Central Division ☐    Western Division ☐

   B. If no, in which division do the majority of the plaintiffs or the only parties, excluding governmental agencies, residing in Massachusetts reside?

   Eastern Division ☒    Central Division ☐    Western Division ☐

8. If filing a Notice of Removal - are there any motions pending in the state court requiring the attention of this Court? (If yes, submit a separate sheet identifying the motions)

   YES ☐    NO ☒

(PLEASE TYPE OR PRINT)

ATTORNEY'S NAME   Leonard H. Kesten, Esq. and Thomas R. Donohue

ADDRESS   Brody, Hardoon, Perkins & Kesten, LLP
1 Exeter Plaza, Boston, MA   02116

TELEPHONE NO.   617-880-7100

**Commonwealth of Massachusetts**
**MIDDLESEX SUPERIOR COURT**
**Case Summary**
**Civil Docket**

# MICV2008-02460
## O'Brien v Robbins

| **File Date** | 06/27/2008 | **Status** | Disposed: transfered to other court (dtrans) | | | | | |
|---|---|---|---|---|---|---|---|---|
| **Status Date** 10/07/2008 | | **Session** | C - Civil C CtRm 610 (Woburn) | | | | | |
| **Origin** | 1 - Complaint | **Case Type** | B99 - Misc tort | | | | | |
| **Track** | F - Fast track | **Lead Case** | | | | **Jury Trial** | Yes | |

### DEADLINES

| | **Service** | **Answer** | **Rule12/19/20** | **Rule 15** | **Discovery** | **Rule 56** | **Final PTC** | **Judgment** |
|---|---|---|---|---|---|---|---|---|
| **Served By** | | | 10/25/2008 | 10/25/2008 | 04/23/2009 | 05/23/2009 | | |
| **Filed By** | 09/25/2008 | 10/25/2008 | 11/24/2008 | 11/24/2008 | | 06/22/2009 | | 04/18/2010 |
| **Heard By** | | | 12/24/2008 | 12/24/2008 | | | 10/20/2009 | |

### PARTIES

**Plaintiff**
Mark O'Brien
Bradford, MA
Active 06/27/2008

**Private Counsel 374360**
Mitchell J Notis
370 Washington Street
Brookline, MA 02445
Phone: 617-566-2700
Fax: 617-566-6144
Active 06/27/2008 Notify

**Defendant**
Richard Robbins
Reading, MA
Served: 09/16/2008
Served (answr pending) 09/16/2008

### ENTRIES

| Date | Paper | Text |
|---|---|---|
| 06/27/2008 | 1.0 | Complaint & civil action cover sheet filed |
| 06/27/2008 | | Origin 1, Type B99, Track F. |
| 06/27/2008 | 2.0 | Plaintiff's Motion To Appoint David Mitten As Special Process Server Motion Allowed. (Kern, J.) |
| 09/23/2008 | 3.0 | SERVICE RETURNED: Richard Robbins(Defendant) 9-16-2008, L&U 42 Dudley Street, Reading MA |
| 10/07/2008 | 4.0 | Case REMOVED this date to US District Court of Massachusettsby deft. Richard Robbins |
| 10/07/2008 | | Findings: Above action this Day remomed to US District Court) |